IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:20-CR-00059-KDB-DCK-1

| | | |
|---|---|---|
| USA | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| ANTHONY RIVERS | ) | |
| | ) | |

**THIS MATTER** is before the Court on Defendant Anthony Richard Rivers' motion for consideration of compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A), the First Step Act of 2018. (Doc. No. 87). Having carefully reviewed the Defendant's motion and all other relevant portions of the record, the Court will deny the motion as Defendant has not met his burden to establish that a sentencing reduction is warranted under 18 U.S.C. § 3582(c).

In October 2021, Defendant was found guilty by a jury on four counts of distribution and possession with intent to distribute a controlled substance, cocaine base. (Doc. No. 46). On April 5, 2022, he was sentenced to 120 months imprisonment plus 3 years of supervised release. (Doc. No. 74).

Defendant is a 58-year-old male serving his prison sentence at FCI Ashland in Kentucky. His current projected release date is February 3, 2029. Defendant bases his motion on the need to take care of his wife, and the threat of COVID-19 given his medical conditions. (Doc. No. 87).

By statute, a court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). Nonetheless, Congress has provided a few exceptions

to this general rule. One such exception is a motion for compassionate release. Before the passage of the First Step Act, district courts were only permitted to reduce a term of imprisonment on motions for compassionate release made by the Director of the Bureau of Prisons (BOP). Now, a court may entertain a motion filed by a defendant. The compassionate release statute, 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act, now provides in pertinent part:

(c) Modification of an imposed term of imprisonment.—The Court may not modify a term of imprisonment once it has been imposed except that—

(1) in any case—

(A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—

(i) extraordinary and compelling reasons warrant such a reduction
...
and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission ....

18 U.S.C. § 3582(c).

"In analyzing a motion for compassionate release, district courts must determine: (1) whether extraordinary and compelling reasons warrant such a reduction; and (2) that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission. 18 U.S.C. § 3582. Only after this analysis may the district court grant the motion if (3) the relevant 18 U.S.C. § 3553(a)

factors, to the extent they are applicable, favor release." *United States v. Malone*, 57 F. 4th 167, 173 (4th Cir. 2023) (internal citation omitted) "Thus, even if a movant satisfies the threshold eligibility requirement for obtaining relief, a district court has discretion to grant or deny relief based on its assessment of the salient § 3553(a) factors." *United States v. Bethea*, 54 F. 4th 826, 831 (4th Cir. 2022).

On November 1, 2023, the Sentencing Commission's proposed amendment to § 1B1.13 came into effect. *See* Amendments to the Sentencing Guidelines, U.S.S.C., 8-11 https://www.ussc.gov/sites/default/files/pdf/amendment-process/reader-friendly-amendments/202305_RF.pdf (last accessed Nov. 2, 2023). The new policy statement largely preserves the discretion district courts held to consider any extraordinary and compelling reason for release. *See* USSG § 1B1.13; *see United States v. McCoy*, 981 F. 3d 271, 282 (4th Cir. 2020). District courts are now advised to consider the medical circumstances of the defendant, the age of the defendant, family circumstances, whether the defendant is or has been a victim of abuse, or served an unusually long sentence. §§ 1B1.13(b)(1)-(4), (6). The new Guideline also states that district courts may consider any other set of circumstances which rises to the level of gravity of the factors enumerated in the Guideline. §1B1.13(b)(5).

The Sentencing Commission's new policy statement does not relieve the Court of its obligation to analyze the § 3553(a) factors if it finds that extraordinary and compelling reasons for release exist. Those factors include "the nature and circumstances of the offense"; "the history and characteristics of the defendant"; "the need to avoid unwarranted sentence disparities"; and the need for the sentence to

"provide just punishment," "afford adequate deterrence," "protect the public," and "provide the defendant with ... training, medical care, or other correctional treatment in the most effective manner." 18 U.S.C. § 3553(a).

Defendant contends that he needs to be released to care for his wife who recently had a stroke because a daughter is no longer capable of providing the needed assistance. (Doc. No. 87 at 5). According to Defendant's Presentence Report, Defendant's wife lives in Harmony, North Carolina which is about 15 miles north of Statesville, North Carolina. (Doc. No. 60 at 2 and ¶ 75). Furthermore, the Presentence Report states that Defendant has a brother and a sister that live in Harmony, North Carolina, as well as two sisters who live in Statesville, North Carolina. *Id.*, ¶ 74.

In reviewing the medical information provided on Defendant's wife, the Court notes that after being discharged from the hospital, the Defendant's wife was sent to an inpatient rehab unit. (Doc. No. 88 at 2). She was discharged and has received home physical therapy and would like to see outpatient physical therapy/occupational therapy. *Id.* The medical notes state that "at this juncture, she is able to walk with a cane and has improved movement of her right hand and right arm to the level of her shoulder." *Id*. The medical notes also state that Defendant's wife has 3 out of 5 strength in her right hand when compared to her left hand; she is able to raise her right arm to the level of her shoulder and she has full range of motion and strength of her right leg at this time. *Id*. at 5. On February 24, 2023, the medical notes state that Defendant' wife denies having difficulty ambulating to front entrance and is

requesting a walk-in shower to reduce fall risk and burden placed on family to aid with bathing tasks. *Id*. at 10. The medical notes also show that a local vendor has been requested to assess and install a clean shield elevated toilet seat with support arms, a steel knurled grab bar, a mobility bed rail, and a barrier-free walk-in shower with a grab bar. *Id*. at 11. Lastly, the medical notes indicate that a niece of the Defendant's wife transported her to therapy and that Defendant' wife was staying with said niece during her recovery. *Id*. at 2, 15. The Court finds that either the niece, or either of the four nearby siblings or a combination of Defendant's siblings could provide any needed assistance to his wife due to what appears to be a minor stroke on the right side. This does not constitute an "extraordinary and compelling" reason warranting early release.

Defendant also argues that he needs to be released due to new variants of COVID-19 that could make him susceptible due to his medical conditions. According to Defendant's Presentence Report, he reportedly suffers from high blood pressure and stomach issues and is prescribed Prilosec, Hetz, Lisiniprol, Norvasc, Maalox, Mylanta bismuth tablets, Prednisone and Thorazine. (Doc. No. 60, ¶ 76). Defendant fails to provide his BOP medical records to substantiate any possible life-threatening medical claims and therefore there is no extraordinary and compelling reason for a sentence reduction. Additionally, according to the Bureau of Prison's (BOP) website, FCI Ashland currently has zero inmates and zero staff with confirmed active cases of COVID-19. Furthermore, 172 staff have been fully inoculated and 1,434 inmates have been fully inoculated which appears to be the entire inmate population.

The Court finds that none of Defendant's stated reasons, individually or in combination, constitute an extraordinary and compelling reason for a reduction in sentence.

Even if the Court had found sufficient grounds for such reduction consideration it would deny the motion based on the factors in 18 U.S.C. § 3553(a). Defendant's conduct in this case was very serious and dangerous to the public, and his criminal history category of VI was achieved by an unrelenting criminal past garnering 17 criminal history points, irrespective of his career offender designation.

**IT IS, THEREFORE, ORDERED**, that Defendant's motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) and the First Step Act of 2018 (Doc. No. 87), is **DENIED.**

**SO ORDERED.**

Signed: December 4, 2023

Kenneth D. Bell
United States District Judge