UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:20-cr-59-KDB-DCK-1

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **ORDER** |
| **ANTHONY RICHARD RIVERS,** ) | |
| ) | |
| Defendant. ) | |
| ) | |

**THIS MATTER** is before the Court on Defendant's pro se Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence [Doc. 91], and on the United States of America's Motion to Dismiss [Doc. 95].

I. BACKGROUND

The Defendant was charged with four counts of distribution and possession with intent to distribute cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C). [Doc. 1]. The Government presented evidence at trial that the Defendant sold crack cocaine to a confidential informant at his home on four occasions. [See Doc. 60: PSR; Doc 84: Trial Transcript].

Defense counsel moved *in limine* to exclude audio and video recordings of the drug transactions because they contained hearsay statements from a non-testifying witness – the confidential informant – as well as prejudicial inadmissible evidence. [See Doc. 23: MIL re audio; Doc. 24: MIL re video]. The Government opposed the Motions because the Defendant's taped statements are admissions by a party opponent, and the statements made by the informant and police officers are not hearsay because they are not offered for their truth. [Doc. 35: MIL Response]. The Court denied the Defendant's Motions and the case proceeded to a jury trial. [Sept.

28, 2021 Text-Only Order].

The Government presented evidence at trial of the four drug transactions including: detectives' testimony regarding the controlled-buy procedure, their observations of the transactions, and their recovery of crack cocaine; audio recordings of the transactions; a video recording of one of the transactions; and a chemist's testimony that the substances that officers recovered from the informant after each transaction was cocaine base. [See Doc. 84 at 22-29, 33-39, 54-56, 61-68, 74-78, 87-94]. Defense counsel argued in closing that the Defendant should be found not guilty because the confidential informant had failed to testify at trial, and the officers' testimony about the controlled purchases was uncorroborated. [See, e.g., Doc. 84 at 119-20]. A jury found the Defendant guilty of all four counts. [Doc. 46].

The final revised Presentence Investigation Report (PSR) scored the base offense level as 18 because the Defendant violated § 841(a)(1) and he was responsible for 14.42 grams of cocaine base. [Doc. 60: PSR at ¶ 16]. However, the Defendant qualifies as a career offender pursuant to U.S. Sentencing Guidelines § 4B1.1(a) because he was at least 18 years old at the time of the offense of conviction, the offense of conviction is a felony crime of violence or controlled substance offense, and Defendant had at least two prior felony convictions of a crime of violence or a controlled substance offense, i.e., North Carolina convictions for possession with intent to sell and deliver cocaine in Case Nos. 04CRS51498, 06CRS5321. [Id. at ¶ 22]. The career offender offense level was 32. [Id.]. The Defendant had 17 criminal history points and a criminal history category of VI. [Id. at ¶¶ 53-54]. This resulted in a guideline imprisonment range of between 210 and 262 months' imprisonment and three years of supervised release. [Id. at ¶¶ 87, 90]. Defense counsel objected to the career offender enhancement, arguing that Case No. 04CR58193 is not a qualifying "felony" conviction. [Doc. 62].

At the sentencing hearing, the Court overruled the Defendant's objection to the career offender enhancement, and counsel then moved for a downward variance or departure. [Doc. 85: Sentencing Tr. at 14-16]. The Court noted that, without the career offender enhancement, it would find that the otherwise-applicable guideline range of 57 to 71 months' imprisonment to be inadequate pursuant to the § 3553(a) factors. [Id. at 22-23]. However, it also found the career offender guideline range of 210 to 262 months' imprisonment to be inappropriate. [Id. at 25]. It, therefore, imposed a downward variance sentence of 120 months' imprisonment followed by three years of supervised release. [Id. at 26-27]. The Judgment was entered on April 5, 2022. [Doc. 74; Judgment; see Doc. 75: Statement of Reasons].

On direct appeal, the Defendant challenged his career offender designation, arguing that his prior North Carolina convictions for violating N.C. Gen. Stat. § 90-95(a)(1) do not qualify as controlled substance offenses. While the Defendant's direct appeal was pending, the Fourth Circuit found that § 90-95(a) is categorically a controlled substance offense under the Guidelines. United States v. Miller, 75 F.4th 215 (4th Cir. 2023). The Fourth Circuit affirmed the Defendant's judgment pursuant to Miller. United States v. Rivers, 2023 WL 7212268 (4th Cir. Nov. 2, 2023). The Defendant did not seek certiorari review.

The Defendant filed the instant pro se § 2255 Motion to Vacate on February 2, 2024.[1] [Doc. 91]. He appears to argue that (reorganized, renumbered, and restated): (1) trial counsel was ineffective for failing to adequately investigate the case, make evidentiary objections, and challenge the confidential informant's reliability; (2) appellate counsel was ineffective for failing to raise evidentiary objections and selective prosecution on direct appeal; and (3) Defendant's due process and equal protection rights were violated by way of evidence that violated the

---

[1] Houston v. Lack, 487 U.S. 266, 276 (1988) (establishing the prisoner mailbox rule); Rule 3(d), 28 U.S.C. foll. § 2255 (addressing inmate filings).

3

Confrontation Clause and selective prosecution. [Id. at 1-20]. He asks for his conviction and/or sentence to be vacated. [Id. at 21].

The United States filed a Motion to Dismiss arguing that many of the Defendant's claims are based on a flawed Confrontation Clause theory, and that the remaining claims including selective prosecution fail as a matter of law. [Doc. 95: MTD]. The Court informed the Defendant of his right to respond to the Motion to Dismiss [Doc. 96: Roseboro Order], and he filed a Response [Doc. 97: MTD Response]. The Government has not replied and the time to do so has expired. Accordingly, this matter is ripe for disposition.

## II. SECTION 2255 STANDARD OF REVIEW

A federal prisoner claiming that his "sentence was imposed in violation of the Constitution or the laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a).

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . ." in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. After examining the record in this matter, the Court finds that the arguments presented by Defendant can be resolved without an evidentiary hearing based on the record and governing case law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## II. DISCUSSION[2]

**1. Ineffective Assistance of Trial Counsel**

---

[2] The Defendant's arguments are repetitive, confusing, conclusory, and lengthy. Any subclaim or argument that is not specifically addressed in this section has been considered and rejected.

4

The Sixth Amendment to the U.S. Constitution guarantees that in all criminal prosecutions, the accused has the right to the assistance of counsel for his defense. See U.S. Const. Amend. VI. To show ineffective assistance of counsel, a petitioner must first establish deficient performance by counsel and, second, that the deficient performance prejudiced him. See Strickland v. Washington, 466 U.S. 668, 687-88 (1984). The deficiency prong turns on whether "counsel's representation fell below an objective standard of reasonableness ... under prevailing professional norms." Id. at 688. A reviewing court "must apply a 'strong presumption' that counsel's representation was within the 'wide range' of reasonable professional assistance." Harrington v. Richter, 562 U.S. 86, 104 (2011) (quoting Strickland, 466 U.S. at 689). The prejudice prong inquires into whether counsel's deficiency affected the judgment. See Strickland, 466 U.S. at 691. A petitioner must demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694. A petitioner "bears the burden of affirmatively proving prejudice." Bowie v. Branker, 512 F.3d 112, 120 (4th Cir. 2008). If the petitioner fails to meet this burden, a reviewing court need not even consider the performance prong. Strickland, 466 U.S. at 670.

The Defendant's arguments that trial counsel performed ineffectively appear to be premised on the mistaken belief that the Government was required to call the Confidential Informant to testify at trial. They will be addressed in turn.

The Defendant contends that counsel failed to adequately argue that the confidential informant's recorded statements are inadmissible hearsay. The record conclusively refutes the Defendant's argument insofar as counsel filed a Motion in Limine seeking to exclude the audio and video recordings because *inter alia* they contained hearsay statements from a non-testifying

5

witness. [See Docs. 23, 24]. Reasonable counsel could have concluded that further hearsay objections would have been futile because no statements by the confidential informant were offered for their truth. See Fed. R. Ev. 801(c) (defining an out of court statement as hearsay if it is offered in evidence to prove the truth of the matter asserted); United States v. Love, 767 F.2d 1052, 1063 (4th Cir.1985) (holding that an agent's testimony concerning information received from another agent "was offered not for its truth but only to explain why the officers and agents made the preparations that they did in anticipation of the appellant's arrest. As such it was not inadmissible hearsay"). Moreover, any hearsay objection regarding the Defendant's own recorded statements would have been unavailing because they are admissible as statements of a party opponent. See Fed. R. Ev. 801(d)(2).

The Defendant contends that counsel also should have moved in limine pursuant to Fed. R. Ev. 803(8)(b),[3] which he appears to believe would have barred Detectives Carroll, Smith, and Miller from testifying at trial. [Doc. 91 at 11, 17]. The record reflects that the audio and videotapes recorded incidents that police officers personally witnessed and the Defendant has failed to call their trustworthiness into question. A motion based on Rule 803(8)(b) would have been fruitless and would not have prevented the detectives from testifying, accordingly, counsel was not deficient for failing to raise this issue.

Similarly, the Defendant argues that counsel should have objected to the detectives' testimony and Government's other evidence on hearsay grounds. [See Doc. 91 at 19]. As previously noted, the detectives' testimony about their personal observations of the controlled buys and the evidence that they collected of those transactions were not dependent on the confidential informant's testimony. See United States v. Lowry, 947 F.2d 942 (4th Cir. 1991) ("An agent who

---

[3] "Public Records. A record or statement of a public office if … the opponent does not show that the source of information or other circumstances indicate a lack of trustworthiness." Fed. R. Evid. 803(8)(b).

6

observes an informant's actions and describes them to the jury is not giving hearsay testimony but is 'testifying as to a fact within his own personal experience.'") (quoting United States v. Gandara, 586 F.2d 1156, 1158 (7th Cir.1978)).

The Defendant also argues that counsel failed to adequately raise the Confrontation Clause in light of the confidential informant's failure to testify. [Doc. 91 at 18]. The Confrontation Clause guarantees a criminal defendant the right "to be confronted with the witnesses against him." U.S. Const. amend. VI. In Crawford v. Washington, 541 U.S. 36 (2004), the Supreme Court held that the Confrontation Clause bars "admission of testimonial statements of a witness who did not appear at trial unless he was unavailable to testify, and the defendant had a prior opportunity for cross-examination." 541 U.S. at 53-54. Crawford applies only to testimonial hearsay statements. Crawford, 541 U.S. at 60 n.9, 68. The Defendant's argument that counsel failed to raise confrontation is conclusively refuted by the record insofar as counsel argued in the Motions in Limine that admission of the recordings would violate the Defendant's right to confront his accuser. [Docs. 23-24]. As discussed *supra*, no recordings of the confidential informant were introduced for their truth; the Defendant has failed to identify any testimonial hearsay statement by the confidential informant that was introduced at trial. The Defendant also appears to argue that the detectives were somehow precluded from testifying because their observations were made "with an eye towards prosecution." [Doc. 91 at 17]. This fails because, as previously noted, the detectives testified at trial about their personal observations. Accordingly, counsel was not ineffective with regards to the Confrontation Clause.

The Defendant argues that counsel should have "investigated and found out how much was paid to [the CI], or at a minimum, ask the prosecutor about this issue, in front of the jury, and argued to the jury in closing arguments, that [the CI] may have betrayed the investigators and took

7

their money. [Doc. 91 at 16]. The Defendant's argument that counsel should have argued the CI's unreliability to the jury is conclusively refuted by the record. Counsel argued in closing that the jury should acquit the Defendant because the paid confidential informant's failure to testify, and the officers' testimony about the controlled drug buys was uncorroborated and incredible. [Doc. 84 at 119-21]. Reasonable counsel would not have questioned the prosecutor about the CI's payment because such would have improperly rendered the prosecutor a witness. Moreover, the Defendant has failed to proffer any evidence that further investigation into the CI and her payment would have uncovered that would have had a reasonable probability of affecting the trial outcome.

The Defendant makes additional contentions including that: counsel failed to consult with him about trial strategy and follow his instructions; counsel should have investigated the case more thoroughly by *inter alia* calling the confidential informant to testify; the video did not actually show a drug transaction; the confidential informant "took the money and ran;" Defendant was "pissed" at counsel during trial; the prosecution was a "hoax;" and counsel made no effort to prove Defendant's innocence. [Doc. 91 at 17-18]. These vague, conclusory, and unsupported contentions are insufficient to demonstrate that counsel was ineffective. See generally United States v. Dyess, 730 F.3d 354 (4th Cir. 2013).

Moreover, the Defendant has failed to demonstrate prejudice. He conclusively contends that the jury "may not have" found him guilty had counsel more aggressively addressed the issues addressed *supra*. [Doc. 91 at 17, 20]. However, he has not proffered any favorable evidence or testimony that additional investigation would have produced, or identified any potentially meritorious legal claim or argument that would have called the verdict into question. The Government produced overwhelming evidence of the Defendant's guilt including detectives' first-hand testimony about the controlled drug buys and video evidence of those incidents. The

8

Defendant's vague and conclusory contentions that counsel should have done more in his defense fail to carry his heavy burden and his claims of ineffective assistance of trial counsel are rejected.

**2. Ineffective Assistance of Appellate Counsel**

The right to the effective assistance of counsel extends to direct appeal. Bell v. Jarvis, 236 F.3d 149, 164 (4th Cir. 2000) (*en banc*). In order to establish a claim that appellate counsel was ineffective for failing to pursue a claim on direct appeal, a petitioner must normally demonstrate both deficient performance and prejudice, meaning that there is a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different. Id. Effective assistance of appellate counsel "does not require the presentation of all issues on appeal that may have merit." Smith v. Murray, 477 U.S. 527, 536 (4th Cir. 2014) ("winnowing out weaker arguments on appeal and focusing on those more likely to prevail … is the hallmark of effective appellate advocacy.") (internal quotations marks and citations omitted). However, appellate counsel may render deficient performance by failing to raise "issues [that] are clearly stronger than those presented." United States v. Mason, 774 F.3d 824, 828-29 (4th Cir. 2014). "The ineffective assistance inquiry therefore requires a court to compare the strength of an issue not raised on direct appeal … with the strength of the arguments that were raised." United States v. Allmendinger, 894 F.3d 121, 126 (4th Cir. 2018). To show prejudice, a petitioner must show a "reasonable probability ... he would have prevailed on his appeal" but for his counsel's unreasonable failure to raise an issue. Smith v. Robbins, 528 U.S. 259, 285-86 (2000); see also United States v. Mannino, 212 F.3d 835, 845–46 (3d Cir. 2000) ("The test for prejudice under Strickland is not whether petitioners would likely prevail upon remand, but whether we would have likely reversed and ordered a remand had the issue been raised on direct appeal.").

The Defendant appears to claim that appellate counsel was ineffective for failing to raise

claims regarding evidentiary issues and selective prosecution on direct appeal. [Doc. 91 at 5, 9-18].

The arguments that the Defendant raises regarding hearsay, the Confrontation Clause, and Rule 803 are meritless for the reasons discussed in Section 1, *supra*. There is no reasonable probability that these claims would have prevailed on direct appeal had appellate counsel presented those meritless claims to the Fourth Circuit. Robbins, 528 U.S. at 286.

The Defendant contends that appellate counsel should have argued that the Court erred by denying his Motions in Limine based on Rules 401, 403, and 404(b). [See Doc. 91 at 11]. However, these claims are vague and conclusory in that the Defendant has not identified any irrelevant, overly prejudicial, or prior bad acts evidence that was introduced at trial. Dyess, 730 F.3d at 354; [see also Doc. 37 (Government stating that it "has no intention of offering any 404(b) evidence")].

As to selective prosecution, the Defendant argues that he is a "poor African American" who was prosecuted for distributing crack with "zero evidence" because of "race, prestige, and politics;" whereas Hunter Biden, who is rich and white, was protected by prosecutors. [Doc. 91 at 14-15]. "A selective prosecution claim is an assertion that the prosecutor had brought the charge for reasons forbidden by the Constitution." United States v. Venable, 666 F.3d 893, 900 (4th Cir. 2012) (quotation omitted); see United States v. Armstrong, 517 U.S. 456, 463, (1996). The Fifth Amendment prohibits "the government from deciding to prosecute based on a defendant's race." United States v. Olvis, 97 F.3d 739, 743 (4th Cir. 1996); see Armstrong, 517 U.S. at 464. Prosecutions enjoy a "presumption of regularity." Armstrong, 517 U.S. at 464. To overcome this presumption, "a criminal defendant must present clear evidence" that "the administration of a criminal law is directed so exclusively against a particular class of persons ... with a mind so

10

unequal and oppressive that the system of prosecution amounts to a practical denial of equal protection of the law." Id. at 464–65, (quotations omitted). To prove a selective prosecution claim, a "claimant must demonstrate that the federal prosecutorial policy had a discriminatory effect and that it was motivated by a discriminatory purpose." Armstrong, 517 U.S. at 465 (quotation omitted). "To make this showing, a defendant must establish both (1) that similarly situated individuals of a different race were not prosecuted, and (2) that the decision to prosecute was invidious or in bad faith." Venable, 666 F.3d at 900 (quotation omitted). The Defendant's conclusory and unsupported arguments about extraneous matters outside the record are frivolous and would have had no reasonable probability of success on appeal.

The Defendant has not identified any appellate claim that had a reasonable chance of success, or that is plainly stronger than the sentencing challenge that counsel raised. See Mason, 774 F.3d at 828-29; see, e.g., United States v. Aigbekaen, 2022 WL 3106949 (D. Md. Aug. 3, 2022 (appellate counsel was not deficient in focusing the appeal on the more promising issue, even though it was ultimately unsuccessful). Accordingly, the Defendant's claims of ineffective assistance of appellate counsel are rejected.

3. **Substantive Error**

Finally, the Defendant appears to contend that he was deprived of due process and equal protection due to the foregoing Confrontation Clause violations, and selective prosecution. [Doc. 91 at 14-15]. He contends that he is "actually innocent" and that he has shown "cause and prejudice" such that the conviction should be vacated. [Id. at 13, 18].

"Habeas review is an extraordinary remedy and will not be allowed to do service for an appeal." Bousley v. United States, 523 U.S. 614, 621 (1998) (internal citations omitted); United States v. Sanders, 247 F.3d 139, 144 (4th Cir. 2001). In order to collaterally attack a conviction or

11

sentence based upon errors that could have been but were not pursued on direct appeal, a petitioner must show cause and actual prejudice resulting from the errors of which he complains or he must demonstrate that a miscarriage of justice would result from the refusal of the court to entertain the collateral attack. See United States v. Frady, 456 U.S. 152, 167-68 (1982); United States v. Mikalajunas, 186 F.3d 490, 492-93 (4th Cir. 1999); United States v. Maybeck, 23 F.3d 888, 891-92 (4th Cir. 1994). Actual prejudice is then shown by demonstrating that the error worked to petitioner's "actual and substantial disadvantage," rather than just creating a possibility of prejudice. See Satcher v. Pruett, 126 F.3d 561, 572 (4th Cir. 1997) (quoting Murray v. Carrier, 477 U.S. 478, 494 (1986)). To establish cause based upon ineffective assistance of counsel, a petitioner must show that the attorney's performance fell below an objective standard of reasonableness and that he suffered prejudice as a result. See Murray, 477 U.S. at 488; Strickland v. Washington, 466 U.S. 668, 687 (1984). In order to demonstrate that a miscarriage of justice would result from the refusal of the court to entertain the collateral attack, a petitioner must show actual innocence by clear and convincing evidence. See Murray, 477 U.S. at 496.

The Supreme Court has recognized a limited "actual innocence" exception to certain procedural bars to habeas review. Under that exception, "in an extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent, a federal habeas court may grant the writ [of habeas corpus] even in the absence of a showing of cause for the procedural default." Murray, 477 U.S. at 496 (emphasis added). "In other words, a credible showing of actual innocence may allow a prisoner to pursue his constitutional claims … on the merits notwithstanding the existence of a procedural bar to relief." McQuiggin v. Perkins, 569 U.S. 383, 393 (2013). This fundamental miscarriage of justice exception is grounded on the "equitable discretion" of habeas courts to see that "federal constitutional errors do not result in the

12

incarceration of innocent persons." Herrera v. Collins, 506 U.S. 390, 404 (1993). To make such a showing, a petitioner must demonstrate that "it is more likely than not that no reasonable juror would have convicted him in light of the new evidence." Schlup v. Delo, 513 U.S. 298, 324 (1995).

The Defendant did not raise these substantive claims of error on direct appeal and he has failed to demonstrate either cause and prejudice or actual innocence. To the extent that the Defendant claims that ineffective assistance of counsel serves as "cause," this fails because his claims of ineffective assistance of counsel are meritless for the reasons discussed *supra*.[4] His conclusory claim of actual innocence also fails because the Defendant has not come forward with any evidence that he is factually innocent. See Schlup, 523 U.S. at 623 (actual innocence means factual innocence, not mere legal insufficiency). Accordingly, the Defendant's claims of trial court error are dismissed as procedurally defaulted and, alternatively, they are denied as vague, conclusory, and legally and factually baseless. [See Doc. 95 at 15-16].

## IV. CONCLUSION

For the foregoing reasons, the Government's Motion to Dismiss is granted and the Defendant's § 2255 Motion to Vacate is dismissed and denied.

**IT IS, THEREFORE, ORDERED** that:

1. The United States of America's Motion to Dismiss [Doc. 95] is **GRANTED**.

2. Defendant's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 [Doc. 91] is **DISMISSED and DENIED**.

3. **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy

---

[4] His claims of error would fail for the same reasons even if they were not procedurally defaulted.

13

§ 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

Signed: June 14, 2024

Kenneth D. Bell
United States District Judge