# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NORTH CAROLINA
### STATESVILLE DIVISION
### 5:20-cr-59-KDB-DCK-1

UNITED STATES OF AMERICA,      )
                                )
          **Plaintiff,**       )
                                )
**vs.**                           )        **ORDER**
                                )
**ANTHONY RICHARD RIVERS,**    )
                                )
          **Defendant.**     )
                                )

    **THIS MATTER** is before the Court on remand from the Fourth Circuit Court of Appeals for the limited purpose of determining whether the Defendant is entitled to reopen the appeal period pursuant to Fed. R. App. P. 4(a)(6). See United States v. Rivers, 2025 WL 2731535 (4th Cir. Sept. 25, 2025).

    On June 14, 2024, the Court entered an Order dismissing and denying the Defendant's Motion to Vacate pursuant to 28 U.S.C. § 2255. [Doc. 99]. The appeal period expired on August 13, 2024. On August 16, 2024, the Defendant wrote a letter asking the Court to rule on his Motion to Vacate. [Doc. 100]. On February 19, 2025, the June 14 Order was returned to the Court as undeliverable. [Doc. 101]. The Clerk re-mailed the June 14 Order to the Defendant on February 21, 2025. [Doc. 102]. On February 28, 2025,[1] the Defendant filed a "clearly untimely" notice of appeal. [Doc. 105 at 2].

    The Fourth Circuit has construed the Defendant's August 16 letter as a motion to reopen the time to appeal pursuant to Fed. R. App. P. 4(a)(6). [Doc. 105]. It remanded the matter for this

---

[1] Houston v. Lack, 487 U.S. 266 (1988) (addressing the prisoner mailbox rule).

Court to determine whether the Defendant is entitled to a reopening of the appeal period. The record, as supplemented, will then be returned to the Fourth Circuit for further consideration. [Id.].

On remand, the Court directed the Defendant to "file any argument and/or evidence in support of reopening the appeal period under Rule 4(a)(6) of the Federal Rules of Appellate Procedure…," and it informed him of the requirement for submitting evidence to the Court. [Doc. 106 at 2]. In response to the Court's Order, the Defendant filed a "Brief of Actual Innocence" which was misdirected to the Fourth Circuit Court of Appeals. [Doc. 107]. In it, the Defendant argues the merit of his § 2255 petition rather than addressing whether the appeal period should be opened pursuant to Rule 4(a)(6). The Government has not replied.

Rule 4(a)(6) states:

The district court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered, but only if all the following conditions are satisfied:

(A) the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d)[2] of the entry of the judgment or order sought to be appealed within 21 days after entry;

(B) the motion is filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier; and

(C) the court finds that no party would be prejudiced.

Fed. R. App. P. 4(a)(6). The moving party bears the burden of demonstrating non-receipt of the notice pursuant to Rule 4(a)(6). Shuler v. Orangeburg Cnty. Sheriff's Dep't, 71 F.4th 236, 243 (4th Cir. 2023). Rule 4(a)(6) is permissive, and thus "allows the Court to deny a motion to extend time,

---

[2] Under Civil Rule 77(d), the clerk's office must serve notice of the entry of an order or judgment according to the procedures in Civil Rule 5(b). See Fed. R. Civ. P. 77(d)(1). Service by mail is complete under Rule 5(b)(2)(C) when it is mailed to the person's last known address.

even if the preconditions are met, if the factual and procedural circumstances in the case merit such a result." Id. at 247.

The Court finds that the Defendant is entitled to reopening the appeal period. First, the unrebutted record demonstrates that: the Court served the Defendant with the Order by mail on June 14, 2024 in accordance with Rule 5(b)(2)(C); that the Defendant had not received the Order as of August 16, 2024 when he requested a ruling from the Court; and his non-receipt of the Order was confirmed by its return to the Court as undeliverable on February 19, 2025. See Shuler, 71 F.4th at 246 ("the return of mail as undeliverable establishes that notice of a judgment or order was in fact not received"); Woody v. Nance, 108 F.4th 232, 237-38 (4th Cir. 2024) (noting that a returned envelope or other indication of failed delivery is helpful proof of failed delivery). Second, the Defendant timely moved to reopen the appeal period. The Defendant filed his Motion to Reopen in August 2024, less than 180 days after the Order was entered on June 14, 2024 and before the Court had re-mailed it to him. See Shuler, 71 F.4th at 246 (finding that the petitioner satisfied Rule 4(a)(6)(B) by filing a motion to reopen 55 days after the entry of judgment, where no notice of its entry had been received). Third, as to prejudice, the United States does not assert that reopening the appeal period would have any adverse consequences other than those that are present in every appeal, and none are apparent from the record. See id. The Court, therefore, concludes that the Defendant has met the requirement of Rule 4(a)(6)(C). Finally, the Court acknowledges that it has discretion to deny the Defendant's request to reopen despite having met all of the Rule 4(a)(6) requirements. The Court is unaware of any factors that would warrant the denial of Defendant's request to reopen, accordingly, the Court concludes that the Defendant is entitled to a reopening of the appeal period.

**IT IS, THEREFORE, ORDERED** that the Defendants Letter [Doc. 100] is construed as a Motion to Reopen the Appeal Period and it is **GRANTED**.

The Clerk is respectfully instructed to transmit a copy of this Order to the Defendant at his address of record, and to the Fourth Circuit Court of Appeals.

**SO ORDERED.**

Signed: November 13, 2025

Kenneth D. Bell
United States District Judge